# **ENTRY ORDER**

## 2019 VT 70

## SUPREME COURT DOCKET NO. 2019-274

## SEPTEMBER TERM, 2019

| | | |
|---|---|---|
| In re Michelle L. Sherer | } | Original Jurisdiction |
| (Office of Disciplinary Counsel) | } | |
| | } | Professional Responsibility Board |
| | } | |
| | } | |
| | } | PRB DOCKET NO. 2020-013 |

In the above-entitled cause, the Clerk will enter:

¶ 1. On August 9, 2019, the Court received notice that respondent Michelle Lynn Sherer, an attorney admitted to practice in Vermont, was disbarred from the practice of law in the State of Colorado. The Colorado Supreme Court found that respondent engaged in multiple instances of misconduct. As that court explained, respondent received a retainer from one client, did almost no substantive work, abandoned the client, and then refused to provide the client with a refund or an accounting of her time. Respondent charged another client unreasonable fees while failing to act diligently and reasonably communicate with her client. She also made knowing misrepresentations to her client and to the opposing party during the representation. Additionally, respondent failed to substantively respond to the clients' allegations in the Colorado disciplinary matter. The Colorado Supreme Court found that respondent's conduct violated Colorado Rules of Professional Conduct 1.3, 1.4(b), 1.5(a), 1.16(d), 1.15A, 1.15A(a), 8.1(b), and 8.4(c). It determined that disbarment was the appropriate sanction.

¶ 2. Our rules provide that thirty days after receiving notice that a Vermont licensed attorney has been disciplined in another jurisdiction, this Court "shall impose the identical discipline unless the Court finds that upon the face of the record from which the discipline is predicated it clearly appears, or disciplinary counsel or the lawyer demonstrates," that such discipline would be unwarranted under the grounds set forth in Administrative Order 9, Rule 20.D(1) through (4). A.O. 9, Rule 20.D. Accordingly, this Court issued an order providing respondent and disciplinary counsel the opportunity to inform the Court within thirty days of any claim that the imposition of identical discipline by this Court would be unwarranted on such grounds. Absent such a showing, the imposition of discipline for misconduct in another jurisdiction "establish[es] conclusively the misconduct" for the purpose of imposing the identical discipline in this State. A.O. 9, Rule 20.E. Neither respondent nor disciplinary counsel filed a response.

¶ 3.     Accordingly, finding no basis in the record to conclude that the imposition of identical discipline in this State would be unwarranted, an order of disbarment is hereby entered.

Respondent Michelle L. Sherer is hereby disbarred from the practice of law in Vermont. Respondent shall comply with the requirements of Administrative Order 9, Rule 23.

BY THE COURT:

⊠ Publish

☐ Do Not Publish

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice